# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| LUIS SANDOVAL, | Case No.: 17cv1275 GPC (BGS) |
|---|---|
| Petitioner, | |
| v. | **ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |
| UNKNOWN, | |
| Respondent. | |

Petitioner, proceeding pro se, has filed a document with this Court entitled "In Pro Per Writ of Habeas Corpus."

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254.

## **IN CUSTODY REQUIREMENT**

Upon review of the document filed in this case, it appears Petitioner is not in the custody of the State of California, nor was he when he filed the Petition because he lists his address as "2461½ J. St., San Diego, CA 92102." "Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in

custody pursuant to the judgment of a State.'" Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994); see also 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); see Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

## FAILURE TO STATE A COGNIZABLE CLAIM

In addition, it is not clear what Petitioner's claims are and whether they are cognizable on federal habeas review. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; see 28 U.S.C. 2254(a); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994).

Petitioner's claims are not comprehensible in their current form. If Petitioner wishes to challenge the conditions of prison life, but not the fact or length of his custody, he must file a civil rights complaint pursuant to 42 U.S.C. § 1983. If he wishes to challenge the validity of a state court conviction or the length of his sentence, 28 U.S.C. § 2254 is the appropriate method to do so.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his

federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); but see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## FAILURE TO NAME A PROPER RESPONDENT

Petitioner has also failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). If a "petitioner is on probation or parole, he may

4

17cv1275 GPC (BGS)

name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has not named a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined, the Director of the California Department of Corrections, or if he is on parole, his parole officer and the official in charge of the parole agency. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam); Ortiz-Sandoval, 81 F.3d at 894. In California, the Director of the Department of Corrections is the official in charge of the parole agency. See In re Lusero, 4 Cal. App. 4th 572, 576 (1992) ("During the period of parole following incarceration, an inmate continues in the custody of the department.").

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than August 29, 2017**: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee; **AND** (2) file a First Amended Petition that cures the pleading deficiencies outlined in Order. If Petitioner wishes to challenge the conditions of his confinement, he must file a new civil complaint pursuant to 42 U.S.C. § 1983 which will be given a new

5

17cv1275 GPC (BGS)

case number. ***The Clerk of Court is directed to mail Petitioner a blank Prisoner Packet together with a copy of this Order.***

**IT IS SO ORDERED.**

Dated: June 27, 2017

Hon. Gonzalo P. Curiel
United States District Judge