# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SANDOVAL,<br><br>                  Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>                  Respondent. | Case No.: 17cv1275-GPC (BGS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITHOUT FURTHER LEAVE TO AMEND** |

On June 16, 2017, Petitioner, proceeding pro se, filed a document with this Court entitled "In Pro Per Writ of Habeas Corpus." (ECF No. 1.) The Court dismissed the action without prejudice and with leave to amend on June 27, 2017, because Petitioner had failed to satisfy the filing fee requirement, failed to allege he was in custody, failed to state a cognizable federal habeas claim, failed to allege exhaustion of state court remedies, and failed to name a respondent. (ECF No. 2.) Petitioner was given until August 29, 2017, to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee, and to submit a First Amended Petition that cured the pleading deficiencies outlined in the Court's June 27, 2017 Order. (Id.) He was provided with blank Southern District of California in forma pauperis and amended petition forms. (Id.)

On July 3, 2017, Petitioner filed a Notice of Appeal with the Ninth Circuit Court of Appeals challenging the dismissal. (ECF No. 3.) On July 13, 2017, he filed a First

1

Amended Petition in this Court but failed to utilize the forms which had been provided to him. (ECF No. 7.) On July 17, 2017, the Court dismissed the First Amended Petition because Petitioner had once again failed to either pay the filing fee or file an application to proceed in forma pauperis, failed to allege he was in custody, failed to allege a claim cognizable on federal habeas, failed to allege exhaustion of state court remedies, and failed to name a respondent. (ECF No. 8.) Petitioner was instructed that in order to proceed with this action he must, on or before September 12, 2017, satisfy the filing fee requirement and file a Second Amended Petition which cures the deficiencies of pleading, and was once again provided with the necessary forms. (Id.) On July 26, 2017, the Ninth Circuit Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction because he was attempting to appeal an order which is not final or appealable. (ECF No. 11.)

On November 1, 2017, after the deadline to do so had passed, Petitioner filed a document which the Court has docketed as a Second Amended Petition. (ECF No. 13.) Petitioner has once again made no effort whatsoever to cure the pleading deficiencies of his previous pleadings or to use the forms provided to him, and has still not made any attempt to satisfy the filing fee requirement.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Second Amended Petition that Petitioner is not presently entitled to federal habeas relief for the same reasons set forth in this Court's previous Orders of dismissal, as he has not satisfied the filing fee requirement, has not alleged he is in custody, has failed to state a cognizable claim for relief, has not alleged exhaustion of state court remedies, and has not named a respondent.

It is also clear that Petitioner has not, and continues to refuse to, comply with this Court's Orders to cure these pleading deficiencies, or use the proper forms. Accordingly, the Court will not provide Petitioner with further leave to amend. If Petitioner wishes to proceed, he must initiate a new action which will be given a new civil case number.

# CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action without prejudice and without further leave to amend. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: November 7, 2017

*[signature]*
Hon. Gonzalo P. Curiel
United States District Judge